UNITED STATES, Appellee

v

PAUL D. ARMELL, Private E–1, U. S. Army, Appellant

8 USCMA 513, 25 CMR 17

No. 10,277

Decided December 20, 1957

*Major Edward Fenig* was on the brief for Appellant, Accused.

*Lieutenant Colonel John G. Lee, Lieutenant Colonel Thomas J. Newton* and *Major Thomas J. Nichols* were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The issue here is the same as that in United States v Allen, 8 USCMA 504, 25 CMR 8, decided this date. The record of trial is returned to The Judge Advocate General of the Army for resubmission to a board of review for further proceedings in accordance with our decision in the *Allen* case.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

The accused pleaded guilty to desertion, in violation of Article 85, Uniform Code of Military Justice, 10 USC § 885. After the entry but before finally accepting the plea, the law officer explained its meaning and effect to the accused. Thereafter he asked the ac-

cused if he understood its meaning and effect and still persisted in his plea. To each of the questions, the accused replied affirmatively. Under these circumstances, the prosecution presented no evidence and the court returned findings of guilty. During the hearing on sentence, the defense informed the court that the accused had been advised of his right to present evidence in extenuation or mitigation and, understanding his rights, elected to remain silent. The court imposed a sentence of dishonorable discharge, total forfeitures, and confinement at hard labor for two years. The convening authority approved only so much of the sentence as provided for a dishonorable discharge (suspended until release from confinement or completion of appellate review, whichever is the later date), total forfeitures, and confinement at hard labor for one year and six months. The board of review affirmed, and the accused petitioned this Court for review.

The petition was granted to deal with the issue of trial defense counsel's failure to argue on sentence and to determine whether such failure was the denial of effective assistance of counsel. Appellate defense counsel cite the following matters which could have been given voice at the sentence stage of proceedings against the accused: The accused's youth (nineteen years of age), the brevity of his desertion (eight months), and material helpful to the accused that was found by the staff judge advocate and which consisted of his desire to rehabilitate himself and remain in the service.

In United States v Allen, 8 USCMA 504, 25 CMR 8, this day decided, I expressed my views on the manner in which we should proceed to dispose of this type of asserted error. In considering the facts presented to us by the record and the parties in their initiatory affidavits, I find absolutely nothing to justify further proceedings. It is undisputed that accused and his counsel discussed the tactics to be employed and that the former was well advised on his rights to be heard in person or through his attorney. In

fact, in this instance, counsel was careful enough to have accused state in writing that he preferred the method finally employed. Therefore, unless we force a procedure originally unwanted by the accused, the conviction and sentence should be affirmed.

Going one step further and assuming arguendo that counsel alone made the decision, my disposition of the case would not be changed. There are three evidentiary matters favorable to the accused shown in the file, but there are others unfavorable. When consideration is given to the facts advantageous to him and those adverse, defense counsel was well within the limits of good judgment in remaining silent. Pretermitting the bad, I find only youth, length of absence, and desire to remain in the service which would warrant consideration on sentence. The first two were given to and considered by the court-martial. Obviously, the latter—unless the unreasonable assumption that a court-martial might not impose a punitive discharge in a desertion case is to be indulged in—could be brought about only by a suspension of the punitive discharge, and that form of clemency is a matter primarily for reviewing authorities. It was considered by the staff judge advocate and convening authority and furnished the base for the following comment by the former:

". . . However, Armell stated that he now realizes that that was a mistake and that it was not entirely the Army's fault that he had not learned a trade. He stated that he is going to do everything possible to improve his educational background if given the opportunity to remain in the Army. It is believed that the accused is sincere in that regard, and also in his expressed wish to be rehabilitated. In view of his repentant attitude, it is believed that he may yet be able to render efficient and faithful service in the Army, and that the execution of the punitive discharge should be suspended at this time in order to facilitate the possibility of his eventual restoration to duty."

In line with that recommendation, the convening authority suspended the execution of the discharge until the release from confinement or completion of appellate review, whichever occurred at the later date. Certainly, the results accomplished by the lawyer at the trial level show he was not unmindful of his duties to protect the accused at all times.

Of course, from the foregoing, it should be obvious that any inadequacy of representation in this case must be founded on the meager assumption that, had trial defense counsel mentioned accused's desire for rehabilitation to the court-martial, there is a fair probability that his present sentence would be less. Counsel's error in judgment, if any, was so insignificant and the mentioned probability so remote that collectively they do not entitle the accused to try his counsel for improper representation.

I would affirm the decision of the board of review.