UNITED STATES, Appellee

v

KENNETH D. ROSE, Equipment Operator
Construction, Apprentice,
U. S. Navy, Appellant

12 USCMA 400, 30 CMR 400

No. 14,721

Decided May 26, 1961

*Lieutenant Colonel Remmel H. Dudley*, USMC, and *Lieutenant Colonel R. G. Coyne*, USMC, were on the brief for Appellant, Accused.

*Lieutenant John W. Boult*, USNR, and *Lieutenant Martin Drobac*, USNR, were on the brief for Appellee, United States.

Opinion

HOMER FERGUSON, Judge:

Upon his plea of guilty, the accused was convicted at a second trial by special court-martial of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886; four specifications of larceny, in violation of Code, supra, Article 121, 10 USC § 921; and possession of a false pass, in violation of Code, supra, Article 134, 10 USC § 934. As a result of intermediate appellate action, his sen-

tence has been reduced to bad-conduct discharge (suspended and since remitted), forfeiture of $50.00 per month for three months, confinement at hard labor for three months, and reduction to the lowest enlisted grade. We granted his petition for review on three issues relating to the conduct of his second hearing.

At the initial trial, accused also pleaded guilty but, testifying in mitigation and extenuation, expressly denied committing the various larcenies. The plea was set aside, but he was subsequently convicted. Defense counsel presented a strong statement in mitigation and evidence of restitution was introduced. In addition, accused's superior testified that his performance of duty was above average and warranted his eventual advance to the grade of petty officer. His difficulties were attributed to habitual off-duty intemperance which had now ceased.

Prior to the commencement of the second hearing, accused obtained a pretrial commitment from the convening authority regarding his entry of another plea of guilty. At the second trial, he persisted in that plea and was again found guilty. Despite a warning by the president of the court that the accused "has been convicted of some pretty serious offenses," defense counsel maintained he had nothing to offer in mitigation and extenuation.

In reviewing the record, the staff legal officer noted that "the defense counsel could not have done much worse in trial court." He opined that counsel's refusal to present matters in mitigation and extenuation was based upon a determination "to avoid a repeat of the prior fiasco" by eliminating any possibility that the accused might again repudiate his plea. He recommended that the harmful effect of the error, if any, be purged by reduction of the sentence. The convening authority acted on the record in accordance with that suggestion.

We have many times pointed out the duty of counsel, legally qualified or not, to represent their client to the very end of the case. United States v Allen, 8 USCMA 504, 25 CMR 8; United States v Armell, 8 USCMA 513, 25 CMR 17; United States v Huff, 11 USCMA 397, 29 CMR 213. We have expressly condemned "a tendency on the part of defense counsel to present no evidence, and to make no argument, in mitigation when there is an agreement with the convening authority on the plea and the sentence." United States v Welker, 8 USCMA 647, 649, 25 CMR 151. We have also declared that inadequacy of counsel may not be purged of prejudicial effect by reduction of the sentence. United States v Winchester, 12 USCMA 74, 30 CMR 74. It is, therefore, astonishing again to find at this level a record of trial which not only clearly depicts improper representation but also blatantly proclaims that it was motivated by the desire to avoid giving the accused an opportunity to contravene his plea of guilty.

Under the circumstances, the error goes to all the findings of guilty and the sentence, for the conduct of counsel is such that it impugns the validity of the entire trial. United States v Huff, supra. As the accused's punitive discharge has been remitted, and his confinement long since served, we do not believe that he should be required to undergo the harassment of a third hearing. Thus, dismissal of the charges is indicated.

The decision of the board of review is reversed and the record of trial is returned to The Judge Advocate General of the Navy. The charges are ordered dismissed.

Chief Judge QUINN concurs in the result.