UNITED STATES, Appellee

v

THOMAS R. McELWEE, Fireman Apprentice, U. S. Coast Guard, Appellant

16 USCMA 586, 37 CMR 206

No. 19,768

March 24, 1967

*Lieutenant R. L. Sondej,* USCGR, argued the cause for Appellant, Accused.

*Lieutenant David C. Nolan,* USCGR, argued the cause for Appellee, United States.

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a special court-martial convened at U. S. Coast Guard Station, Baltimore, Maryland, charged with willfully destroying a telephone, in violation of Article 109, Uniform Code of Military Justice, 10 USC § 909, and larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He pleaded guilty to the former and not guilty to the latter. He was found guilty of both charges and sentenced to a bad-conduct discharge and confinement at hard labor for six months. The convening authority approved the sentence. There is, however, no supervisory authority review in this case. A board of review in the office of the General Counsel, Treasury Department, affirmed the findings of guilty and the sentence. Thereafter, the General Counsel—pursuant to authority under Article 74(a), Uniform Code of Military Justice, 10 USC § 874; section 0117, Coast Guard Supplement to the Manual for Courts-Martial, United States, 1951, and upon the recommendation of the Commandant, U. S. Coast Guard—suspended the bad-conduct discharge for six months from the date of appellant's release from confinement with provision for automatic remission.

This Court has granted review on the issue:

"Whether the accused was prejudiced in not receiving a review by the General Court-Martial Authority (Article 65b; MCM p. 163)."

Following the convening authority's action, pertinent facts show that the supervisory authority, in his turn, forwarded the case record "for direct review" to the General Counsel of the Treasury Department. Before doing so, he failed to take any action on the case whatsoever. His letter of transmittal reveals that this program was occasioned by the fact that defense had raised a trial procedural matter regarding the denial of a defense request relating to the admissibility of a confession. Forseeing the possible application of Jackson v Denno, 378 US 368, 12 L ed 2d 908, 84 S Ct 1774 (1964), to a special court-martial case, he believed "that this question should be raised before and discussed by the Coast Guard's Board of Review as precedent for the Coast Guard and other armed forces." Government counsel now justifies this procedure by declaring the appellant has no right to a supervisory authority action and that direct transmittal has been used and accepted since its inception in the Uniform Code. For the same reason, the supervisory authority is said to have wide discretion in such matters. He could have, say the Government, convened the court himself, thereby limiting the accused to but one review. Cf. Articles 23(a) and 65(a), Uniform Code of Military Justice, 10 USC §§ 823 and 865.

This line of approach is bottomed upon Article 65(b) of the Uniform Code. It provides:

"If the sentence of a special court-martial as approved by the convening authority includes a bad-conduct discharge, whether or not suspended, the record shall be sent to the officer exercising general court-martial jurisdiction over the command to be reviewed in the same manner as a record of trial by general court-martial or directly to the appropriate Judge Advocate General to be reviewed by a board of review. If the sentence as approved by an officer exercising general court-martial jurisdiction includes a bad-conduct discharge, whether or not suspended, the record shall be sent to the appropriate Judge Advocate General to be reviewed by a board of review."

Elaboration on the subject is found in paragraph 94a(3), Manual for

Courts-Martial, United States, 1951. This paragraph provides in part:

". . . In the event the officer exercising general court-martial jurisdiction has no judge advocate or law specialist assigned to his staff, or if he deems direct transmittal to the Judge Advocate General more expeditious, the officer exercising general court-martial jurisdiction may authorize the convening authority to forward such records of trial directly to the appropriate Judge Advocate General to be reviewed by a board of review (Art. 65b)."

It is acknowledged that in this case a district legal officer was available and fully qualified to render a post-trial review. In fact, this officer, without solicitation, thereafter joined the case as appellate defense counsel and represented the accused before the board of review.

With the same fervor, Government counsel argue that direct transmittal was utilized because an immediate and final decision of the board of review on the issue, hereinbefore set out, was considered a matter demanding expedient action.

Appellate defense counsel, on the other hand, construe Article 65(b), supra, as according a mandatory right of review to the accused with but two exceptions—neither being available in this instance.

Be that as it may, the language of the Article raises some questions as to its applicability in this matter. It can well be said that Article 65(b), under certain circumstances, grants a choice of action to the convening authority and not the supervisory authority.

Admittedly, paragraph 94a(3), supra, deciphers Article 65(b) in the manner advanced by the contending parties. But as a mere interpretation of the Code, this Manual description is not binding on the Court. United States v Bernacki, 13 USCMA 641, 33 CMR 173. Moreover, where the language of a statute is plain and unambiguous, it must be applied, not interpreted. United States v Davis, 12 USCMA 576, 31 CMR 162.

588

In any event, we need pursue this direction no further, for even if we accede to the contrary view, the end result must be the same. The availability of a legal officer is here unquestioned and the assertion of "expediency" is unsupported by fact. The supervisory authority's letter of transmittal is simply that, without more. Any other conclusion is enhanced only by speculation. Review by the supervisory authority is too valuable to be dispensed with so marginally. Though a different problem was of immediate concern, our discussion of Article 65(b), supra, in United States v McGary, 9 USCMA 244, 26 CMR 24, is appropriate to the issue at hand. The Court, at page 247, there said:

"The commentary found in the Hearings before the House Armed Services Committee which considered the enactment of the Code states that Article 65(b) was derived from the 36th Article of War, 10 USC (1946 ed) § 1507, 'except that the record may be sent directly to the Judge Advocate General.' This alternative was permitted *in order to provide for situations where no judge advocate or law specialist is assigned to the staff of the officer exercising general court-martial jurisdiction or where direct transmittal to the Judge Advocate General or a branch office would be more expeditious.* (Emphasis supplied.) Neither of the reasons for this alternative procedure is present in the instant case. It is clear that a staff judge advocate had been assigned to the staff of the officer exercising general court-martial jurisdiction. Furthermore, direct transmittal to The Judge Advocate General was not considered 'more expeditious.' Under these circumstances, we believe the accused was entitled to have the case reviewed 'in the same manner as a record of trial by general court-martial.' Cf. United States v McDaniel, 7 USCMA 56, 21 CMR 182."

Accordingly, the decision of the board of review is reversed. The record of trial is returned to the General Counsel of the Treasury Department for re-

submission to the officer exercising general court-martial jurisdiction for his review of the case.

Chief Judge QUINN and Judge FERGUSON concur.