UNITED STATES, Appellee

v

WILLIAM A. HICKS, Airman First Class,
U. S. Air Force, Appellant

18 USCMA 38, 39 CMR 38

No. 21,465

November 22, 1968

Colonel Joseph E. Krysakowski and Lieutenant Colonel Bertram Jacobson were on the pleadings for Appellant, Accused.

Colonel James R. Thorn and Major James A. Johnson were on the pleadings for Appellee, United States.

## Opinion of the Court

PER CURIAM:

The accused was convicted by special court-martial of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. At trial, an accomplice testified against him under arrangements with the convening authority, which trial counsel described as a "promise of immunity," and which, on review, the board of review held "equated to . . . immunity." The board of review determined that these arrangements disqualified the convening authority from reviewing the conviction. United States v White, 10 USCMA 63, 27 CMR 137. However, it concluded that review by a disqualified convening authority did not prejudice the accused. The board of review reasoned that the accomplice's testimony merely corroborated the accused's confession and was, therefore, cumulative; and that impartial review was, in fact, accomplished because the general court-martial authority also reviewed and affirmed the conviction. Neither reason has merit.

Appellate review by a superior authority does not excuse denial of the accused's right to review by the convening authority. United States v McElwee, 16 USCMA 586, 37 CMR 206. As to the content of the accomplice's testimony, it is the only evidence aliunde the accused's pretrial statement regarding removal of the stolen prop-

38

erty from the store in which the accused was employed. It must be considered to determine the sufficiency of the evidence to support the confession. See United States v Spain, 17 USCMA 347, 38 CMR 145. The testimony, therefore, is not merely cumulative.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force for submission to another competent court-martial authority for further proceedings consistent with this opinion. United States v White, supra.