UNITED STATES, Appellee

v

CHARLES E. JEFFERSON, Corporal, U. S. Marine Corps,
Appellant

No. 27,173

December 21, 1973

*Captain T. O. Tottenham,* USMCR, argued the cause for Appellant,
Accused.

*Lieutenant Commander Harvey E. Little,* JAGC, USN, argued the cause
for Appellee, United States. With him on the brief was *Lieutenant Colonel
G. L. Bailey,* USMC.

## OPINION OF THE COURT

DUNCAN, Judge:

On May 4, 1972, the appellant was convicted by a special court-martial of a single specification alleging larceny, and sentenced to a bad-conduct discharge and reduction to grade E-1.[1] On September 6, 1972, the record of trial was authenticated by the trial counsel acting on behalf of the military judge who had, in the interim, been released from active duty. The convening authority approved the findings and sentence on October 24, 1972. The review of the staff judge advocate for the general court-martial authority is dated December 18, 1972. The latter officer approved the sentence on January 2, 1973. The case was received by the Court of Military Review on February 27, 1973, some 300 days from the date of conviction.

The appellant contends that he was denied due process of law by the lengthy and prejudicial delay in the review of his court-martial.

When this issue was before the Court of Military Review, that court commented:

The record is devoid of any information whatsoever to explain the long delay in reviewing this case. Our view concerning post-trial delay, as well as the views of the U. S. Court of Military Appeals, should be well known to the various judge advocates in the field without the necessity of resorting to citations. Protracted post-trial delay is costly to the Government, demoralizing to the accused and only serves to add fuel to the detractors of the military system of jurisprudence. As we

[1] Appellant, on May 12, 1972, informed the Judge Advocate General of the Navy of his intention to appeal his conviction to the Court of Military Review. Article 66, Uniform Code of Military Justice, 10 USC § 866.

have said repeatedly the ends of justice require a speedy and fair trial and an expeditious and impartial review. If either ingredient is lacking in any jurisdiction, either civilian or military, its respectability collapses. Therefore, it behooves all courts-martial jurisdictions to take whatever steps are necessary to expedite the courts-martial process.

Turning to the case before us and after considering the facts and circumstances contained therein we are satisfied that the findings are correct in law and in fact and we find no apparent prejudice to the accused. Hence, the post-trial delay does not demand a reversal.

We wholeheartedly agree with the comments of the Court of Military Review regarding unreasonable post-trial delays.

In United States v Timmons, 22 USCMA 226, 227, 46 CMR 226, 227 (1973), we held a "180-day delay between the trial and the convening authority's action to be unreasonable because it is essentially unexplained." See also United States v Gray, 22 USCMA 443, 445, 47 CMR 484, 486 (1973), where we declared a 212-day delay to be "deplorable and unreasonable." Since both *Timmons* and *Gray* were convicted by general courts-martial, their appeals were sent directly to the Judge Advocate General for referral to a Court of Military Review. Conviction by special court-martial, where the sentence as approved by a convening authority who does not exercise general court-martial jurisdiction includes a bad-conduct discharge, as here, must be reviewed by the officer exercising general court-martial authority over the command, Article 65(b), UCMJ, 10 USC § 865, except under circumstances not applicable in this case. Paragraph 94a(3), Manual for Courts-Martial, United States, 1969 (Rev); United States v McElwee, 16 USCMA 586, 37 CMR 206 (1967). We are primarily concerned then with an unexplained delay of 244 days, May 4, 1972–January 2, 1973. We find the delay "deplorable

and unreasonable." United States v Gray, supra at 445, 47 CMR at 486.

Because the delay in *Timmons* was coupled with a finding of prejudicial inadequacy in the staff judge advocate's review, that case was remanded to the Court of Military Review for reassessment of the sentence.[2] The decision in *Gray* was affirmed, despite the delay, on the ground that

> before ordering a dismissal of the charges because of post-trial delay there must be some error in the proceedings which requires that a rehearing be held and that because of the delay appellant would be either prejudiced in the presentation of his case at a rehearing or that no useful purpose would otherwise be served by continuing the proceedings. See United States v Timmons, 22 USCMA 226, 46 CMR 226 (1973), and cases cited therein.

22 USCMA at 445, 47 CMR at 486.

What then of the case at bar? The appellant alleges that he was prejudiced and not afforded due process of law because:

(1) The delay in review has caused him to be held in the Marine Corps beyond the contractual end of his 4 years active service, January 15, 1973.

(2) He has been relieved of his duties in his military occupational specialty and is currently serving in a casual company where he is required to associate with individuals awaiting trial or discharge.

(3) He is required to follow all of the rules and regulations of the Marine Corps even though he has completed serving his obligated time.

(4) And, as a result of being held beyond his separation date, he has been denied the opportunity to obtain civilian employment or to further his education.

In support of his contention of prejudice, appellant calls our attention to United States v Michael, NCM 73-0925 (NCMR June 22, 1973), and United States v Rogers, NCM 73-0394 (NCMR June 11,

---

[2] Judge Quinn, citing United States v Tucker, 9 USCMA 587, 26 CMR 367 (1958), would have dismissed the charges in the interest of justice.

1973), both Marine Corps cases, where. in light of similar delays of 261 and 257 days respectively, a Court of Military Review held each of those appellants prejudiced and approved a sentence which did not include the previously assessed bad-conduct discharge.

The appellant does not call our attention to, and we have not found, any "error in the proceedings which requires that a rehearing be held." United States v Gray, supra at 445, 47 CMR at 486. He does not allege that he requested and was denied leave pursuant to Marine Corps Order 1050.15, paragraph 5c(6), June 3, 1968, upon expiration of his term of obligated service; nor did he at any time petition that this Court act to terminate the delay itself. Rhoades v Haynes, 22 USCMA 189, 46 CMR 189 (1973).

Under the circumstances of this case, we do not believe that the post-trial delay, unreasonable and deplorable as it was, was prejudicial to the substantial rights of the appellant. United States v Gray, supra. Our affirmance on this case should not be read to mean that the Government may delay the post-trial review of a case with impunity. The Uniform Code provides one means of insuring against unnecessary delay in the deposition of a case, Article 98, UCMJ, 10 USC § 898.

United States v Timmons, supra, at 227–8, 46 CMR at 227–8.

The decision of the Court of Military Review is affirmed.

Chief Judge DARDEN concurs.

QUINN, Judge (dissenting):

In my opinion, the accused was materially prejudiced by enforced service for an extended period after expiration of his enlistment term because of the government's inexcusable delay. I do not believe that he should be turned away with mere expressions of regret. I would, therefore, set aside the sentence. See my dissent in United States v Timmons, 22 USCMA 226, 46 CMR 226 (1973).