UNITED STATES

v.

Airman Basic Robert M. WATSON, FR 534–60–4645 43d Air Refueling Squadron Fifteenth Air Force (SAC).

ACM S24253.

U. S. Air Force Court of Military Review.

26 Aug. 1975.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Captain Martin F. McAlwee, USAFR.

Appellate counsel for the United States: Colonel C. F. Bennett.

## DECISION

LeTARTE, Chief Judge:

In consonance with his pleas, the accused was convicted by special court-martial of an unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He was sentenced to be discharged from the service with a bad conduct discharge and to be confined at hard labor for three months.

On 8 May 1975, the convening authority withdrew his initial action and substituted another wherein he approved the sentence and designated the 3320th Retraining Group, Lowry Air Force Base, Colorado, as the place of confinement. However, having determined that the convening authority was disqualified from acting upon the record of trial, the supervisory authority directed him to withdraw his action and return the case to the supervisory authority for "initial review and action." This was accomplished by the convening authority on 4 June 1975. On 1 July 1975, the supervisory authority approved the sentence and forwarded the record to The Judge Advocate General for review by this Court.

The issue presented by these facts is whether this procedure deprived the accused of his right to have his case reviewed by an appropriate convening authority. Manual for Courts-Martial, 1969 (Rev.), paragraph 84; United States v. Hicks, 18 U.S.C.M.A. 38, 39 C.M.R. 38 (1968).

In Hicks, supra, the accused was also tried and convicted by special court-martial. On review, the board of review determined that the convening authority was disqualified from acting upon the record of trial

but concluded that the accused was not thereby prejudiced since an impartial review was accomplished by the general court-martial authority. However, the Court of Military Appeals found no merit in this reasoning and indicated, citing United States v. McElwee, 16 U.S.C.M.A. 586, 37 C.M.R. 206 (1967), that

[a]ppellate review by a superior authority does not excuse denial of the accused's right to review by the convening authority.

█ Hicks seemingly is dispositive of the issue at hand, but there is a significant distinction between these two cases. Here, the convening authority's disqualification was recognized before the case was reviewed by the officer exercising general court-martial authority, and the disqualified officer's action was withdrawn. Thus, the accused was not deprived of an initial review of his case by an appropriate convening authority, as in Hicks, or of a review pursuant to Article 65(b), as in McElwee, supra, because both of these review functions were properly exercised by the officer exercising general court-martial jurisdiction following the convening authority's disqualification. Manual for Courts-Martial, supra, paragraph 84.

█ It is our opinion, therefore, that the Court of Military Appeal's decision in Hicks is applicable only to those special courts-martial in which the convening authority, though disqualified, nevertheless acts upon the record of trial. It is the existence of such an action by a presumptively biased officer that creates prejudicial error. See, United States v. Lacey, 23 U.S.C.M.A. 334, 49 C.M.R. 738 (1975). The Hicks' decision was not intended to preempt the pertinent provisions of paragraph 84c of the Manual or to require that special courts-martial involving approved punitive discharges be reviewed by two officers exercising general court-martial jurisdiction whenever the special court-martial convening authority is disqualified.

For the reasons stated, we find no error in the review of this case. The findings of guilty and the sentence are

Affirmed.

EARLY and ORSER, Judges, concur.