UNITED STATES

v.

Sergeant Christopher H. CONER, FR 434–78–2888, United States Air Force.

ACM S24568.

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 Nov. 1977.

Decided 8 March 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Thomas Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

ARROWOOD, Judge:

The accused was found guilty by a military judge alone special court-martial of

---

selling phencyclidine, possession of marijuana and wrongfully communicating a threat, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C.A. § 934. He was sentenced to a bad conduct discharge, confinement at hard labor for six months and reduction to airman.

On appeal the accused asserts that the post-trial review of the staff judge advocate was prejudicially inadequate in that it failed to apprise the convening authority of the legal standard by which to assess the affirmative defense of alibi. The defense of alibi was clearly raised at trial, and the facts are stated in the review. In the discussion of the legal and factual sufficiency of the offense, the issue of alibi was not mentioned. A copy of the post-trial review was served on the trial defense counsel at the proper time, but he did not challenge that portion of the review.

■ Even though a staff judge advocate has wide discretion in determining matters to be included in the post-trial review, he should state his reasons for both his opinions as to adequacy and weight of the evidence and his recommendations as to the action to be taken by the convening authority; and he should discuss any significant issue, error or irregularity that might substantially influence the convening authority's action. *United States v. Cruse,* 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972); *United States v. Foti,* 12 U.S.C.M.A. 303, 30 C.M.R. 303 (1961); *United States v. Bennie,* 10 U.S.C.M.A. 159, 27 C.M.R. 233 (1959); *United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958). Therefore, the staff judge advocate must include a discussion of the legal and factual sufficiency of any affirmative defense raised to the level of an issue at trial. *United States v. Marshall,* 50 C.M.R. 268 (A.F.C.M.R.1975); *United States v. Day,* 50 C.M.R. 122 (C.G.C.M.R.1975); *United States v. Stevens,* 46 C.M.R. 907 (A.C.M.R.1972).

■ Before the staff judge advocate presents his review to the convening authority, he must serve a copy on the accused's defense counsel. Defense counsel has five days to take exception to errors or irregularities in the review. The failure to take advantage of this opportunity will normally be deemed a waiver of any error in the review. *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975); *United States v. Barnes,* 3 M.J. 406 (C.M.A. 1977).

■ In this case the staff judge advocate's failure to properly advise the convening authority as to the defense theory of the case, the properly raised affirmative defense of alibi, was error. However, since the trial defense counsel perceived no prejudicial deficiency as to this error in the review, we will not entertain the complaint at the appellate level. Accordingly, we hold, in accordance with *Goode* and *Barnes,* that the error in the review has been waived.

The findings and sentence are

AFFIRMED.

EARLY, Chief Judge, and ORSER, Judge, concur.