UNITED STATES

v.

**Airman First Class Steven G. KOHLER, FR 107–38–1603, United States Air Force.**

**ACM 22311.**

U. S. Air Force Court of Military Review.

Sentenced Adjudged 22 Sept. 1977.

Decided 17 March 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Major Gary C. Smallridge, Captain Donald D. Hopwood filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

Accused was convicted of possession and sale of marijuana and wrongfully communicating a threat to kill, all in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a bad conduct discharge, confinement at hard labor for four months, forfeitures of $100.00 per month for four months and reduction to airman basic. The convening authority suspended the execution of the discharge until 25 November 1978.

Trial defense counsel assigned six errors, three of which were restated and briefed by appellate defense counsel. Four of the errors are either adequately discussed in the review of the staff judge advocate and properly resolved adversely to the accused, or have no merit. The two assignments of error relating to the search of the accused's room for marijuana and the discussion of the search in the review of the staff judge advocate require further discussion.

In the first assignment of error we discuss, the accused asserts that the search of his room was illegal. It was made pursuant to authority from the base commander. The fruits of the search provided the basis for the marijuana possession offense. Accused maintains that the base commander did not have the authority to authorize the search, because he was not a neutral and detached magistrate, and because the facts presented to him did not establish probable cause.

■ The first reason has no merit in that the commander has the authority, based on probable cause, to order a search of the property within his jurisdiction. *United States v. Guerette,* 23 U.S.C.M.A. 281, 49 C.M.R. 530 (1975); *Priest v. Koch,* 19 U.S.C.M.A. 293, 41 C.M.R. 293 (1970); *United States v. Hartsook,* 15 U.S.C.M.A. 291, 35 C.M.R. 263 (1965); *United States v. Doyle,* 1 U.S.C.M.A. 545, 4 C.M.R. 137 (1952).

■ Now we focus on the second prong of the attack, lack of probable cause to

authorize the search. When an affidavit is based on information furnished by a so-called reliable informant, it must, to support the issuance of a warrant to search, apprise the "magistrate" of the circumstances which led the "affiant" to believe (1) that the informant was reliable or credible, and (2) that the items sought to be seized were located at the place to be searched. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *United States v. Scarborough,* 23 U.S.C.M.A. 51, 48 C.M.R. 522 (1974); *United States v. Lidle,* 21 U.S.C.M.A. 455, 45 C.M.R. 229 (1964). There must be more than just a conclusion of a third party relayed by the "affiant" to the "magistrate", *Spinelli v. United States,* 393 U.S. 410, 84 S.Ct. 584, 21 L.Ed.2d 637 (1969). What the affidavit must show are facts, not conclusions, that establish probable cause to search a place. To justify the invasion of privacy, it is not necessary to establish the existence of guilt, either *prima facie* or beyond a reasonable doubt, but only that the probabilities weigh in the Government's favor. If there is substantial basis for the magistrate's conclusion that the items being searched for are on the premises to be searched, we must sustain his determination. *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *United States v. Penman,* 16 U.S.C.M.A. 67, 36 C.M.R. 223 (1966).

In this case, the agent of the Air Force Office of Special Investigation (OSI) testified that he read to the base commander the following statement, which had been typed on the back of the authority to search:

> On 16 May 77, an OSI source of proven reliability provided this agent with information that Kohler had in his locker a bottle of hashish oil, marijuana and marijuana seeds. Source last physically saw the items supra in Kohler's locker Sunday evening, 15 May 77, and that he was sure that they were still there. Source's reliability has been proved in the initiation of three narcotics cases based on successful controlled buys. SJA's office has advised this agent that given the reliability of Source, the time that Source last saw the

items supra, and that this was a work day (hence the improbableness of Kohler removing the items) there existed sufficient probable cause for the issuance of a warrant.

In addition to this the commander discussed the matter with the agent for approximately ten minutes, questioning him as to the reliability of the informant and whether or not he had coordinated with the base staff judge advocate. At the trial, the agent admitted that there had been two cases opened rather than three as a result of prior dealings with the informant, but claimed his error was an unintentional mistake.

■ The information given to the base commander adequately established the reliability of the informant. The confirmation of the controlled buys that were previously made using the information provided by the informant is sufficient to establish his reliability. *United States v. Scarborough,* supra.

The fact that the agent made an honest mistake as to the number of times controlled buys were made with the accused did not affect the validity of the warrant. *United States v. Salatino,* 22 U.S.C.M.A. 530, 48 C.M.R. 15 (1973); *United States v. Turck,* 49 C.M.R. 49 (A.F.C.M.R.1974), pet. denied, 49 C.M.R. 889.

■ As to the underlying circumstances, the base commander was provided with facts, not conclusions, that the informant was in the accused's room the night before and had physically seen the marijuana in the locker. We are aware that more facts could have been made available, but the real question is not whether a better showing could have been made, but whether the showing that was made was sufficient. We are satisfied that the information furnished the base commander met the required standard for probable cause and that the base commander properly issued the authority to search.

In the second assignment of error the trial defense counsel, in reply to the review of the staff judge, took exception to the

staff judge advocate's discussion of the search and seizure issue. The defense counsel asserted:

> The review inadequately summarizes the evidence and the law in its discussion of Specification 3. In as much as the admissibility of Prosecution Exhibit 4, 5 and 6 constitutes the defense to this Specification, the convening authority must be apprised of the requirement for the search authority's exercise of independent judgment based upon corroborated evidence of the credibility and reliability of unidentified informants and the information they provided. The review merely recites the defense challenges to the legality of the search and summarily concludes that the authorization to search was lawful.

The challenged review contains the following comments regarding the search:

> [Marijuana] was discovered by OSI Agent Smith pursuant to an authorization to search issued by Colonel Campfield, the Base Commander. The defense made no contest over the facts, but did challenge the legality of the search. This issue was litigated at some length. In my opinion, the military judge correctly concluded that Colonel Campfield did have probable cause to issue the search warrant and that he properly exercised his independent judgment in so authorizing the search.

The Manual for Courts-Martial, United States, 1969 (Rev), paragraph 85*b*, prescribes the form and contents of the review in this manner:

> The review will include a summary of the evidence in the case, his opinion as to the adequacy and weight of the evidence and the effect of any error or irregularity respecting the proceedings, and a specific recommendation as to the action to be taken. Reasons for both the opinion and the recommendation will be stated.

■ In applying this provision of the *Manual,* the courts have held that the staff judge advocate in his review must fairly summarize the evidence on both sides of the issues and provide the convening authority with adequate guidance by which to exercise his absolute powers in determining anew the guilt or innocence of the accused. *United States v. Smith,* 23 U.S.C.M.A. 98, 48 C.M.R. 659 (1974); *United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958); *United States v. Massey,* 8 U.S.C.M.A. 514, 18 C.M.R. 138 (1955). In discussing evidentiary matter, the staff judge advocate cannot mislead the convening authority as to the facts or law. *United States v. Scaife,* 23 U.S.C.M.A. 234, 49 C.M.R. 287 (1974); *United States v. Samuels,* 22 U.S.C.M.A. 238, 46 C.M.R. 238 (1973). But he can exercise his discretion in selecting those matters which are to be included in his advice, provided it contains all the pertinent matters which might have substantial influence on the decision of the convening authority with respect to findings and sentence. *United States v. Boatner,* 20 U.S.C.M.A. 376, 43 C.M.R. 216 (1971); *United States v. Cash,* 14 U.S.C.M.A. 96, 33 C.M.R. 308 (1963); *United States v. Massey,* supra. The review should advise the convening authority and not evolve into a full blown relitigation of the trial. *United States v. Morrison,* 3 M.J. 408 (C.M.A.1977); *United States v. Sulewski,* 9 U.S.C.M.A. 490, 26 C.M.R. 270 (1958).

■ If a matter not directly bearing on guilt or innocence is omitted from the review, or is treated inaccurately, consideration must then be given to the effect it may have on the convening authority. If the omission or inaccuracy would in all likelihood have no influence on the convening authority, it may be safely concluded there is no prejudice to the accused. *United States v. Huddleston,* 50 C.M.R. 99 (A.C.M.R.1975); *United States v. Lea,* 39 C.M.R. 459 (A.F.B.R.1968). See *United States v. Curtis,* 24 U.S.C.M.A. 150, 51 C.M.R. 340, 1 M.J. 297 (1976); *United States v. Cruse,* 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972); *United States v. Hooper,* 9 U.S.C.M.A. 637, 26 C.M.R. 417 (1958).

■■ Under the facts of this case, the interlocutory ruling by the military judge, admitting the marijuana into evidence was correct. Since there was no error commit-

ted, and the interlocutory issue did not directly relate to the guilt or innocence of the accused, the staff judge advocate was not required to advise the convening authority as to the facts involved and rationalize them with the law in the case. *United States v. Huddleston,* supra; *United States v. Stevens,* 46 C.M.R. 907 (A.C.M.R.1972). The reviewer did, however, clearly advise the convening authority that in his opinion the evidentiary question of search and seizure was decided properly by the trial judge. He also advised the convening authority that he was required to weigh the evidence and judge the credibility of the witnesses and determine that there was competent evidence of record establishing beyond a reasonable doubt the elements of each offense before approving a finding of guilty. The staff judge advocate's advice in no way misled the convening authority as

to this evidentiary matter, but called his attention to the issue which had been clearly set out in the available record of trial. *United States v. Cree,* 24 U.S.C.M.A. 18, 51 C.M.R. 68, 1 M.J. 210 (1975). A further discussion of the search and seizure issue would have had little if any influence on the convening authority's decision. Therefore, the decision of the staff judge advocate to exclude a detailed discussion of this evidentiary matter from the review was proper and did not prejudice the accused.*

Accordingly, the findings and sentence are

AFFIRMED.

EARLY, Chief Judge and ORSER, Judge, concur.

---

* Although it was not raised by defense counsel, we note that the staff judge advocate failed to advise the convening authority as to his statutory privilege to approve only so much of the sentence "as he in his discretion determines should be approved." Article 64, Uniform Code of Military Justice, 10 U.S.C.A. § 864. The review did offer several alternatives as to sentence, each however, included approval of the bad conduct discharge and failed to explain to the convening authority that he was not limited to the alternative recommendations in the review. Failing to inform the supervisory authority of the extent of his discretionary powers as to sentence was error. *United States v. McElwee,* 16 U.S.C.M.A. 586, 37

C.M.R. 206 (1967); *United States v. Wilson,* 9 U.S.C.M.A. 223, 37 C.M.R. 3 (1958); *United States v. Parker,* 47 C.M.R. 762 (C.G.C.M.R. 1973).

However, the failure of the trial defense counsel to take exception to this error in his reply to the review of the staff judge advocate as required by *United States v. Goode,* 23 U.S. C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), waived this omission. *United States v. Barnes,* 3 M.J. 406 (C.M.A.1977); *United States v. Morrison,* 3 M.J. 408 (C.M.A.1977). Use of the recommended language in paragraph 7–3d, Air Force Manual, 111–1(C–2), 8 October 1976, which sets out the standard advice to the convening authority would avoid this problem.