## UNITED STATES

v.

**Airman First Class John E. PAULE, FR 190–48–8306 United States Air Force.**

**ACM 22543.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 7 April 1979.

Decided 8 Jan. 1980.

---

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Colonel Larry G. Stephens, and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter.

Before EARLY, POWELL and ARROWOOD, Appellate Military Judges.

## DECISION

PER CURIAM:

The issue of accused's mental responsibility was raised at trial and decided adversely to him in accordance with proper instructions given by the military judge. It was discussed in the review of the staff judge advocate where he expressed the opinion that the court was properly instructed and that the evidence "is adequate to support the finding of the court that the accused was legally sane." It is clear to us that by referencing the military judge's instructions the staff judge advocate did not apply an erroneous standard, but determined that the sanity of the accused was established beyond a reasonable doubt. *United States v. Oakley,* 11 U.S.C.M.A. 187, 29 C.M.R. 3 (1960); *United States v. Herrington,* 33 C.M.R. 814 (A.F.B.R.1963), pet. denied, 33 C.M.R. 436 (C.M.A.1963). However, in discussing the issue, the staff judge advocate failed to advise the convening authority that before approving findings of guilty, he too must find the accused's mental responsibility was established beyond a reasonable doubt.[1]

This failure to provide adequate guidance to the convening authority by which he could properly exercise his powers in determining the sanity of the accused is error. See *United States v. Smith,* 23 U.S.C.M.A. 98, 48 C.M.R. 659 (1974); *United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958); *United States v. Kohler,* 4 M.J. 941 (A.F.C.M.R.1978); *United States v. Herrington, supra.*

This error was called to the staff judge advocate's attention by the trial defense counsel in his response to the review,[2] but the staff judge advocate chose to reaffirm his prior advice rather than correct the review.[3] See *United States v. Boston,* 7 M.J. 954 (A.F.C.M.R.1979). Therefore, the action of the convening authority is set aside and the record is returned for a new review and action in accordance with this opinion.

---

1. The convening authority's general responsibilities are explained in the final paragraph of the review which states: "Before approving a finding of guilty you must determine . . . that the accused had the requisite . . . mental responsibility at the time of the commission of the offense . . . ." This does not provide any guidance as to the standard he must apply and is inadequate when the issue of sanity is raised by the evidence.

2. See *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975).

3. Although no objection was made by trial defense counsel to the staff judge advocate's handling of the self defense issue, the failure of the reviewer to express his opinion as to that issue, and the failure to properly advise the convening authority as to his responsibilities in that regard is error. This should be corrected in the new review. *United States v. Coner,* 4 M.J. 915 (A.F.C.M.R.1978).