**UNITED STATES**

v.

**Airman Eugene L. REDDING,
FR 375–64–7254, United
States Air Force.**

**ACM S24626.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 April 1978.

Decided 20 Nov. 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., Captain Robert T. Mounts and Lieutenant Colonel Charles B. Lewis, Jr., USAFR.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

EARLY, Chief Judge:

Tried by special court-martial, the accused was convicted, despite his pleas, of possessing, transferring and using marijuana, and failing to obey a lawful order, in violation of Articles 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 892. The approved sentence extends to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $265.00 per month for three months and reduction to airman basic.

Appellate defense counsel assign eight errors and refer us to the error asserted by the trial defense counsel as part of the accused's request for appellate representation. These assignments have been considered in the review of the staff judge advocate and properly resolved against the accused, or are otherwise without merit.

There is one matter which does merit our attention. In his rebuttal to the review of the staff judge advocate,[1] the trial defense counsel states that the reviewer was in error in two places by asserting that the accused pleaded guilty to all charges and specifications when, in fact, he pleaded not guilty. Our examination of the review in the cited places disclosed no such language. Instead, the review correctly stated that the accused pleaded not guilty.[2] However, the addendum of the staff judge advocate emphasized "that the accused pleaded not

---

1. This was submitted in accordance with the mandate of *United States v. Goode*, 23 U.S.C. M.A. 367, 50 C.M.R. 1 (1975).

2. In the second place indicated, the review merely related that "the competent evidence of

record introduced prior to the findings is legally sufficient to support the findings and establishes beyond a reasonable doubt each and every element of the offenses of which the accused was found guilty."

guilty to all charges and specifications and persisted in those pleas throughout the trial."

Faced with this inconsistency, we procured a copy of the review as originally drafted,[3] and found that the language alluded to by the defense counsel did appear therein.[4] It appears that upon being advised of the error in the review, the staff judge advocate chose to correct the mistakes in the body of the review rather than in the addendum.

This leaves us in a curious situation: the accused is clearly not prejudiced by this practice since the convening authority was correctly advised prior to his action; but, we are left with the question whether the spirit, if not the letter, of the *Goode*, supra, mandate has been satisfied.

The purpose of the *Goode* procedure is to correct errors in the review at the earliest point by allowing the defense counsel to point out deficiencies to the reviewer prior to the review being presented to the reviewing authority. Implicit in this concept is the idea that the review that goes to the defense counsel should be identical to that upon which the reviewing authority takes his action with the addition of any corrective action taken by the staff judge advocate, which, logically, should appear in the addendum or some similar place. Otherwise, substantial changes could be made in the review after examination by the defense counsel which would not be subject to his scrutiny and comment. In such a situation it would be unfair to impose the *Goode* waiver on defense counsel's failure to comment on some later-added error.

In the instant case, our examination of the entire record discloses that the accused was not prejudiced by the procedure followed.[5] However, to avoid the recurrence of this situation, we direct that, in the future, any errors raised by the defense counsel in his *Goode* response will be corrected (if correction is deemed necessary) by the staff judge advocate by means of an addendum to the review.

The findings of guilty and the sentence are

AFFIRMED.

HERMAN, ORSER and ARROWOOD, Judges, concur.

---

3. The review is dated 3 July 1978, the defense counsel's comments are dated 10 July 1978 and the addendum of the staff judge advocate is dated 11 July 1978. The reviewing authority took action on 13 July 1978.

4. We have examined the other errors specified by defense counsel in his rebuttal and find no changes were made in the review.

5. Had we found error, we would have found it necessary to set aside the action and return the review to the staff judge advocate with directions to serve it again on the defense counsel. Upon completion of his second examination, the reviewing authority could take another action. However, our disposition here does not indicate our approval of the methods used.