**UNITED STATES**

v.

**Senior Airman Joe M. BOSTON, FR 484–74-3586, United States Air Force.**

**ACM S24727.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 2 March 1979.

Decided 3 July 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert P. Hailey.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION

EARLY, Chief Judge:

This case has been submitted to us on the merits. In our examination of the allied records of trial we have discovered a matter warranting corrective action. In view of our disposition of this issue, we express no opinion, at this stage, on the merits of the case.

After completion of the post trial review of the staff judge advocate, the defense counsel, pursuant to the mandate of *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), submitted eleven paragraphs of comments on the review. Nowhere in the review of the staff judge advocate can we find any indication of his opinion concerning these comments.[1] This Court has held that where the defense counsel has submitted comments on the review of the staff judge advocate, it is incumbent upon the staff judge advocate, prior to submission of the review to express his opinion—*agreeing or disagreeing*—on the validity of such comments. See *United States v. Redding*, 6 M.J. 660, (A.F.C.M.R. 1978);[2] *United States v. Lehman*, 5 M.J. 740, 743 n.3 (A.F.C.M.R.1978); *United*

---

1. The review contains a prewritten statement that "there (is) (is not) appended a submission from counsel for the accused which should be considered by you in conjunction with this review." The inappropriate language was not struck out.

2. In *United States v. Redding*, 6 M.J. 660 (A.F. C.M.R.1978) at page 661, we held:

   The purpose of the *Goode* procedure is to correct errors in the review at the earliest point by allowing the defense counsel to point out deficiencies to the reviewer prior to the review being presented to the reviewing authority. Implicit in this concept is the idea that the review that goes to the defense counsel should be identical to that upon which the reviewing authority takes his action with the addition of any corrective action taken by the staff judge advocate, which, logically, should appear in the addendum or some similar place. . . . [W]e direct that, in the future, any errors raised by the defense counsel in his *Goode* response will be corrected (if correction is deemed necessary) by the staff judge advocate by means of an addendum to the review.

*States v. Hardesty,* 1 M.J. 780 (A.F.C.M.R. 1976), concurring opinion; *United States v. Stockman,* 1 M.J. 757 (A.F.C.M.R.1975); see also AFM 111–1, para. 7–4, (C–3). Only in this manner is there assurance that the supervisory authority has the benefit of a complete evaluation of the defense counsel's comments prior to taking his action. It is obvious that if the supervisory authority receives two conflicting legal opinions, he needs the advice of his chief legal officer as to which is the proper course to take.

The action of the supervisory authority is set aside. The record of trial is returned with directions that the staff judge advocate submit his evaluation of the comments of the defense counsel by means of an addendum to his review. Upon such advice, the supervisory authority may take such action as he deems appropriate.

HERMAN, ORSER and ARROWOOD, Judges, concur.