**UNITED STATES**

v.

**Senior Airman Joe M. BOSTON, FR 484–74–3586, United States Air Force.**

**ACM S24727 (recon).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 2 March 1979.

Decided 13 July 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert P. Hailey.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION UPON RECONSIDERATION

EARLY, Chief Judge:

We have reconsidered this case on our own motion to clarify certain language in our initial opinion.[1] *United States v. Boston,* 7 M.J. 953 (A.F.C.M.R. 3 July 1979). There we held that:

> where the defense counsel has submitted comments on the review of the staff judge advocate, it is incumbent upon the staff judge advocate, prior to submission of the review to express his opinion—*agreeing or disagreeing*—on

---

1. See Rules of Practice and Procedure, 3 M.J. CI (1969), Rule 19.

the validity of such comments. See *United States v. Redding*, 6 M.J. 660 (A.F.C. M.R.1978); *United States v. Lehman*, 5 M.J. 740, 743 n.3 (A.F.C.M.R.1978); *United States v. Hardesty*, 1 M.J. 757 (A.F.C. M.R.1975); see also AFM 111–1, para. 7–4, (C–3). Only in this manner is there assurance that the supervisory authority has the benefit of a complete evaluation of the defense counsel's comments prior to taking his action.

7 M.J. at 953.

While we have returned cases for this omission previously, see *United States v. Markland*, 2 M.J. 356, 353, n.2 (A.F.C.M.R. 1977), and while Air Force Manual 111–1, Military Justice Guide, paragraph 7–4 (C–3 15 November 1978), provides that with respect to any comments submitted by the defense counsel pertaining to the review of the staff judge advocate will be "further commented on by the staff judge advocate in his advice", we have not expressly set forth this requirement as a rule.

Henceforth, thirty days after this date, we will require that when the defense counsel submits comments or challenges to the review of the staff judge advocate pursuant to the mandate in *United States v. Goode*, 50 C.M.R. 1 (1975), the staff judge advocate must, at a minimum, indicate his concurrence or disagreement with those comments prior to submitting them to the officer exercising general court-martial authority. It will no longer be sufficient merely to acknowledge the fact that defense counsel's comments are attached for consideration.

In all other respects we affirm our previous holding.

HERMAN and ARROWOOD, Judges, concur.

ORSER, Judge, absent.