UNITED STATES, Appellee,

v.

Private First Class Wilson **RODRIQUEZ**, SSN 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, United States Army, Appellant.

CM 439107.

U. S. Army Court of Military Review.

16 June 1980.

**830**

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain Kevin E. O'Brien, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Robert B. Williams, JAGC, and Captain James A. Pritchett, JAGC, were on the pleadings for appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

In this case the appellant asks the Court to adopt the rule promulgated by the United States Air Force Court of Military Review in *United States v. Boston*, 7 M.J. 954 (A.F.C.M.R.1979), requiring the staff judge advocate to submit to the convening authority a response to any comment made by the trial defense counsel to the staff judge ad-

vocate's review pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).[1] We decline to do so.

We concede that in many cases it will be beneficial to the convening authority and to the appellate agencies for the staff judge advocate to make a response to the defense counsel's *Goode* submission, and in some cases such a response will be absolutely necessary. There are other cases, however, and this case is one of them, where a *Goode* comment is so frivolous that a response is unnecessary. We believe there are enough rules burdening legal procedures at the trial and initial review level without adding another.[2] The staff judge advocate can determine in each case whether a response is required and this Court can review his exercise of discretion.

In the instant case the president of the court-martial in announcing the sentence to bad-conduct discharge, total forfeitures and confinement at hard labor for six months stated that two-thirds of the members concurred. The sentence worksheet that was included as an appellate exhibit, however, was marked to show that three-fourths had concurred in the sentence. The defense counsel argued in his comments pursuant to *Goode* that the sentence worksheet showed that the court could have passed over a lesser sentence that was arrived at by two-thirds vote before they reached the sentence imposed by a three-fourths vote.

Trial defense counsel's argument overlooked two significant points. First, the court-martial was composed of only five members with four being required for either a two-thirds or three-fourths vote.[3] There was no way the court could have concurred in a lesser sentence by two-thirds

1. The rule as promulgated in *United States v. Boston*, 7 M.J. 954 (A.F.C.M.R.1979), provides: "Henceforth, thirty days after this date, we will require that when the defense counsel submits comments or challenges to the review of the staff judge advocate pursuant to the mandate in *United States v. Goode*, 50 C.M.R. 1 (1975), the staff judge advocate must, at a minimum, indicate his concurrence or disagreement with those comments prior to submitting them to the officer exercising general court-martial au-

thority. It will no longer be sufficient merely to acknowledge the fact that defense counsel's comments are attached for consideration."

2. Presumably a violation of the *Boston* rule would require a new action, just as does a violation of the *Goode* requirement.

3. The military judge instructed the members correctly on this point.

without at the same time concurring by three-fourths. Second, even if the number of members necessary for a two-thirds vote had been less than the number required for three-fourths, and even if the court had announced the number concurring as three-fourths, the possibility of the court disregarding proper instructions and passing over a lesser sentence concurred in by two-thirds is too speculative to affect the validity of the sentence. *See United States v. Hendon,* 6 M.J. 171 (C.M.A.1979). Thus, although the staff judge advocate could have pointed out to the convening authority the faulty logic in defense counsel's argument and the rejection of a similar argument by the Court of Military Appeals, we do not think he was required to do so.

The findings of guilty and the sentence are affirmed.