UNITED STATES, Appellee,

v.

Sergeant Osbert L. WALKER, SSN 262–13–2364, United States Army, Appellant.

SPCM 16225.

U. S. Army Court of Military Review.

30 June 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Joyce E. Plaut, JAGC, and Captain Kenneth G. Gale, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, and Captain Paul K. Cascio, JAGC, were on the pleadings for appellee.

Before JONES, McKAY and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant's ill-timed visit to his drug supplier resulted in his apprehension and search and the discovery of hashish in his pocket. At the trial he moved to suppress the evidence and the statement given later to the investigator. He was unsuccessful below and he has raised the issue before this Court. We find the judge's ruling admitting the evidence correct.

The appellant's supplier, another serviceman, was the target of a drug investigation. The criminal investigative authorities (CID), upon information furnished by a confidential informant, obtained a warrant to search the supplier's government quarters. When the investigators entered the quarters to execute the warrant, the appellant, the supplier, and a third serviceman were seated around the dining room table. On the table were 10 or more pieces of hashish, a knife, a scale, aluminum foil, and a pair of scissors. The hashish was being "cut" and packaged.

The investigators ordered the three servicemen against the wall and searched them. They found a chunk of hashish and a smoking device with a residue of marihuana in appellant's fatigue jacket pocket. The appellant had not been suspected of drug activity previously and the investigators did not know he was in the apartment at the time they entered.

The appellant moved to suppress the hashish and smoking device, initially on the basis that the search preceded the apprehension but subsequently enlarged to include the argument that there was no probable cause to apprehend appellant and thus no basis for a search incident thereto.[1] In his argument before this Court the appellant has focused upon the lack of probable cause to apprehend.[2]

We will dispose of appellant's initial contention below by concluding that the judge was correct in finding the appellant was apprehended and searched incident to that apprehension. Whether the appellant was advised that he was under apprehension, as the criminal investigator testified, or whether he knew that only from being told to "freeze" and to get against the wall, is of no legal consequence. If there was probable cause to apprehend, it is unimportant whether the search preceded the formal apprehension. *United States v. Acosta*, 11 M.J. 307 (C.M.A.1981).

We turn now to the crucial question of probable cause to apprehend. At the time the CID agents entered the apartment, they did not know appellant was there, did not suspect him of drug involvement, and did not have reason to apprehend or search him. The fact that he was present when the search warrant was executed did not in itself give cause for a search. *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981); *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). Inherent in the warrant, however, was the authority to detain him until the search was completed and if probable cause arose as a result of the search, to apprehend appellant. He could then be searched incident to that apprehension. *Michigan v. Summers*, supra.

The probable cause to apprehend appellant, as well as the other two servicemen present, arose simultaneously with the commencement of the search. It was the scene at the dining room table in the private apartment—the presence of the hashish, the knife, the scissors, the scale, and the foil. The investigators had probable cause to believe the offense of possession of hashish had occurred (and was still occurring) and that each of the three individuals grouped

---

1. There has never been any question as to the legality of the warrant to search the apartment.

2. In his request for appellate defense counsel, the appellant listed illegal search and seizure as error and grounds for relief. He couched the error in the alternative: The search preceded the apprehension, but if not, there was no probable cause to apprehend.

around the table had committed it. Thus the basis for the apprehension and subsequent search of the person.

■ The appellant also raises the question of appropriateness of sentence. Testifying on his behalf in extenuation and mitigation were his platoon leader and four noncommissioned officers. The prosecution offered no rebuttal. The appellant's disciplinary record was mediocre. He had received nonjudicial punishment a year earlier for driving while intoxicated and three years earlier for disorderly conduct and for possessing two grams of marihuana. Although the latter record was not admitted into evidence, the appellant acknowledged it and gave a satisfactory explanation. The staff judge advocate recommended approval of the sentence adjudged (bad-conduct discharge, confinement at hard labor for four months, $334.00 pay per month for four months and reduction to E–1) "[i]n view of the nature of the offenses and the entire record of trial . . . ."

The trial defense counsel requested clemency in the form of suspension of the bad-conduct discharge, based upon the favorable testimony in appellant's behalf, the appellant's appearance before a battalion formation after his conviction speaking out against drugs, and finally the lack of any punitive discharge being imposed against the other two servicemen (a Specialist Five and a Staff Sergeant). The acting staff judge advocate adhered to the prior recommendation for approval of the sentence adjudged without stating a reason.

We believe the discharge in this case inappropriate, based upon the favorable testimony of the officer and noncommissioned officers, the remorse demonstrated by appellant in his appearance before his fellow soldiers, the failure of the courts to impose a discharge on the other servicemen who were of equal and greater culpability, and the absence of any stated reasons outweighing the clemency factors enumerated.[3]

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for confinement at hard labor for four months, forfeiture of $334.00 pay per month for four months and reduction to E–1.

Judge HANFT concurs.

McKAY, Judge, dissenting in part:

There is nothing in the record of this case that justifies this Court's action in setting aside the sentence to a bad-conduct discharge adjudged by the trial judge and approved by the convening authority. The appellant is not a young soldier in the ranks. He is an experienced noncommissioned officer, married and twenty-eight years old, who not only violated his position of trust and responsibility on this occasion, but on several others as well. More significantly, he previously received a formalized light-handed warning for possession of marihuana through nonjudicial punishment under Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815 (1976). I would affirm the sentence.

---

3. The acting Staff Judge Advocate made a response to appellant's rebuttal but he gave no reasons to support his conclusion. We believe this is a case when those reasons would have been appropriate. *See United States v. Rodriquez,* 9 M.J. 829 (A.C.M.R.1980).