UNITED STATES

v.

**Joseph J. GREMBOWICZ, 317 80 5248, Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 83 3699.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 22 Dec. 1982.

Decided 27 Dec. 1983.

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

LT Ronald S. Wasilenko, JAGC, USNR, Appellate Government Counsel.

Before ABERNATHY, MITCHELL and BARR, JJ.

PER CURIAM:

We have examined the record of trial, clemency recommendations, *Goode* comments, the assignments of error and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

■ The appellant avers that the evidence is insufficient to prove beyond reasonable doubt that he authored the several letters of disrespect and threat delivered to his commanding officer. While none of the facts on its own merit conclusively supports the findings of the court-martial, those factors when considered in totality weave a tapestry of condemnation. There are too many coincidences and too many revealing clues in the letters themselves, not all of which are set forth by the staff judge advocate in his review, which are buttressed by some physical evidence and the opportunity of the court members to make their own handwriting comparisons. Not only do we find the evidence legally sufficient to prove

the appellant's guilt but we are persuaded beyond any reasonable doubt that the appellant is the author of the questioned letters.

 The appellant avers that the military judge erred by failing to order a sanity inquiry in the face of testimony by his commanding officer that the appellant needed mental treatment, the recommendation of the court members that the appellant receive psychiatric care, the request of trial defense counsel for a sanity board, the observation of appellant's polygraph examiner that appellant's test results revealed schizophrenia, the statement in one of the letters that the author needed mental help and the collective impact of all of the letters indicating the author had a troubled personality. The military judge has a duty to inquire into the sanity of an accused whenever there is a *reasonable* indication that an inquiry is warranted in the interests of justice. Paragraph 122a, *Manual for Courts-Martial, 1969 (Rev.)* (MCM). Mere assertions of insanity do not trigger the obligation. Paragraph 122b(2), MCM. Nor does the obligation require the military judge to assume trial defense counsel's duty to develop evidence in extenuation and mitigation. There is no evidence in the record of trial reasonably indicating any doubt about the appellant's sanity.

The testimony of the commanding officer and the recommendation of the court members were not expressions of opinion that the appellant was insane. We perceive the comments of the commanding officer and the recommendations of the court members as knee jerk common sense reactions to the gross character of the content of the letters and the audacity of their transmission. The common sense and expected desire of military officers to afford the appellant the benefits of psychiatric opinion in addition to punishment cannot be bootstrapped into opinions that the appellant was insane. The commanding officer refused to express an opinion on the appellant's mental state, though surprised to learn of the appellant's complicity based on his previous performance of duty. The court members, though instructed they could prepare questions for witnesses, did not ask any questions of any witness, including the commanding officer, regarding the sanity of the appellant, nor did the court, in questioning the military judge about whether any form of punishment foreclosed psychiatric evaluation, raise any doubts about the appellant's sanity. Neither did the court raise questions concerning the appellant's sanity when instructed by the military judge that they should consider evidence of a possible personality or mental disorder in adjudging an appropriate sentence. The court did not recommend psychiatric care, as alleged, but only recommended a psychiatric evaluation prior to incarceration. The observation of the polygraph examiner as offered by the appellant via hearsay in his unsworn statement was that the only charts he'd seen similar to the appellant's were two persons who were schizophrenics. This observation, even if true, is not tantamount to an opinion that the appellant was likewise afflicted. We view none of the remaining alleged factors to be indicative of insanity nor do we view them collectively as reasonably indicating insanity. We also note that sanity was not raised by pretrial motion or on the merits of the case. Considering the testimony of the commanding officer regarding pretrial discussions with defense counsel regarding the appellant's mental state, we conclude that the only factor not known to the defense at the conclusion of pretrial preparation was the recommendation of the court for psychiatric evaluation, in spite of trial defense counsel's assertions to the contrary. Nothing precluded him from raising a sanity issue or from seeking psychiatric evidence for the presentencing phase of trial prior to trial. There are no indications of inadequate representation of the appellant. We can only conclude that when the general denial portended the disaster evidenced by the rocks of the jury verdict of guilty, trial defense counsel attempted to make a mid-course correction which the evidentiary environment would not permit. We hold that the military judge did not abuse his discretion in failing to order an inquiry into the sanity of the appellant.

The appellant avers that the staff judge advocate review was inadequate and incomplete. While we hold to the contrary, we also note that trial defense counsel highlighted for the supervisory authority in the *Goode* comments the perceived deficiencies in the staff judge advocate's review deemed significant to him. These comments were submitted untarnished by supplementary staff judge advocate comments. Even if the review was deficient in its discussion of the evidence, the defect was cured by trial defense counsel. *United States v. Boynton,* No. 81 3500 (N.M.C.M.R. 18 May 1982). Those defects raised for the first time on appeal and related to the failure of the military judge to direct a sanity board, advice regarding supervisory authority sentence reassessment required because of multiplicity and failure of the military judge to instruct the members on multiplicity for sentencing purposes were waived by the failure of trial defense counsel to comment therein his *Goode* comments. *United States v. Barnes,* 3 M.J. 406 (C.M.A.1977). Furthermore, we find no merit in these assertions. Nor do we find merit in the averment that the staff judge advocate failed to submit a supplementary review based on the trial defense counsel's *Goode* comments. This court does not favor the Air Force procedure set forth in *United States v. Boston,* 7 M.J. 953 (A.F.C.M.R. 1979). *See, United States v. Hiles,* No. 83 0291 (N.M.C.M.R. 7 July 1983). A staff judge advocate should not be compelled to respond to comments criticizing his advice to the supervisory authority unless he is persuaded that it is necessary by the character or accuracy of the comments. It is the staff judge advocate who runs a risk of nonpersuasion with his supervisory authority. In this case the comments of the trial defense counsel largely sought to put particular matters of evidence and interpretation before the supervisory authority. The staff judge advocate was not motivated to respond and we hold that he was not required by law to do so.

Appellant avers that the disrespect offenses are multiplicious for findings and sentence purposes with three offenses alleging the communication to the commanding officer of threats to injure the daughter of the commanding officer's friend and that the military judge erred by not dismissing the lesser offenses or instructing the members regarding multiplicity for sentencing purposes. We find no multiplicity notwithstanding the opinion of the staff judge advocate to the contrary. The offenses do not have common elements, nor does the language used in the specifications fairly embrace common elements, the language of the several offenses is not common and the offenses do not stand in the positions of greater and lesser. Disrespect is an immediate violation of the military principle of subordination while the communication of threats relates to the potential violent disturbance of public peace and tranquility. Hence, the social norms (as well as victims) involved are not the same. We hold that the minimum test for separateness for punishment purposes is met. *See,* paragraph 76a, *Manual for Courts-Martial, 1969 (Rev.); United States v. Baker,* 14 M.J. 361, 369 (C.M.A.1983). We also find the offenses separate for findings purposes. *Cf. United States v. Holt,* 16 M.J. 393 (C.M.A.1983).

We also reject the averment that an unsuspended bad conduct discharge is inappropriate in this case. Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge ABERNATHY and Judges MITCHELL and BARR concur.