**UNITED STATES**

v.

**Staff Sergeant Robert P. BLODGETT, FR 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, United States Air Force.**

**ACM S26638.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 Dec. 1984.

Decided 3 June 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before RAICHLE, CANELLOS and CARPARELLI, Appellate Military Judges.

DECISION

CARPARELLI, Judge:

Consistent with his pleas, the accused was convicted of unlawful entry, wrongful sale of a government auto battery, and theft of two electrical cords, a torque wrench, and two tires. He was sentenced to a bad conduct discharge, confinement for three months, and reduction to the rank of airman. Appellate defense counsel assert that the accused has been prejudiced because the staff judge advocate failed to comment on the defense counsel's response to his recommendation to the convening authority. R.C.M. 1106(d)(4) and R.C.M. 1106(f)(4); *United States v. Boston*, 7 M.J. 954 (A.F.C.M.R.1979). They ask that we set aside the convening authority's action, order the staff judge advocate to amend his recommendation to the convening authority, and order a new action. R.C.M. 1106–1107. We find harmless error and affirm.

On 15 January 1985 the staff judge advocate served a copy of his recommendation to the convening authority on trial defense counsel. R.C.M. 1106(f). In that recommendation the staff judge advocate stated, "The defense has not submitted a petition for clemency." In fact, however, the time period during which such a petition could properly be submitted had not yet expired. R.C.M. 1105(c). In addition, the recommendation stated, "This Recommendation has been served on the defense counsel, who had five days to submit a response. If the defense counsel submitted a response, it is attached for your consideration."

Two days after receiving a copy of the recommendation, the defense counsel submitted a timely Clemency Petition to the

convening authority in accordance with R.C.M. 1105. The following day she also submitted a response to the staff judge advocate's recommendation, R.C.M. 1106(f)(4), in which she argued that the military judge had committed prejudicial error "by not adequately considering SSgt Blodgett's duty performance and military record." In addition she asserted that the military judge erred by failing "to discern the differences in the *U.S. v. Schik* and the *U.S. v. Blodgett* cases, and . . . therefore erroneously imposed the same sentence on both men." Based on these assertions counsel requested suspension of the punitive discharge and remission of the remaining confinement.

The staff judge advocate did not correct his statement regarding the absence of a clemency petition nor did he submit an addendum commenting on trial defense counsel's assertion of error. We have concluded, however, that he did submit the record, his unaltered recommendation, the clemency petition, and the defense's response to the convening authority.

In support of their request for relief, appellate defense counsel cite *United States v. Boston*, 7 M.J. 954 (A.F.C.M.R. 1979). In that case this court established a requirement that,

> when the defense counsel submits comments or challenges to the review of the staff judge advocate pursuant to the mandate in *United States v. Goode*, 50 C.M.R. 1 (1975), the staff judge advocate must, at a minimum, indicate his concurrence or disagreement with those comments prior to submitting them to the officer exercising general court-martial authority. It will no longer be sufficient merely to acknowledge the fact that the defense counsel's comments are attached for consideration.

*Boston*, 7 M.J. at 955.

Since our decision in *Boston, supra*, the Military Justice Act of 1983, Pub.L. 98–209,

97 Stat. 1393 (1983), the Manual for Courts-Martial, 1984, and Air Force Manual (AFM) 111–1, Military Justice Guide, 1 August 1984, have effected considerable changes in the convening authority's role in the appellate review process. We must, therefore, determine whether, given these changes, the requirement and the remedy established in *Boston, supra*, should be applied in this case. We will first discuss whether the staff judge advocate erred by failing to comply with *Boston* and then consider the proper remedy.

Paragraphs 7–3b(3) and 7–4c, AFM 111–1, provide that the staff judge advocate's recommendation will contain a brief analysis of each *legal error* asserted by the defense and, when necessary to understand the recommended corrective action, a brief analysis of other legal issues.[1] AFM 111–1 thus incorporates the basic requirement of *Boston*. AFM 111–1 does not, however, suggest an appropriate remedy for failure to comply with this provision.

■ As to the facts before us, we find that the staff judge advocate's comment that the defense had not submitted a petition for clemency was clearly erroneous. In addition, despite the ambiguity of the defense's assertion of prejudicial error regarding the sentence, the staff judge advocate should have treated the defense's remark as an allegation of legal error and commented upon it as required by AFM 111–1.

In *Boston, supra*, we set aside the convening authority action, ordered the staff judge advocate to respond to the defense counsel's assertions of error, and ordered a new action. R.C.M. 1106(d)(6), however, now provides that any error in a staff judge advocate's recommendation will be corrected by appellate authorities without

---

1. Similarly, R.C.M. 1106(d)(4) requires that, when the accused, *under R.C.M. 1105*, has submitted an allegation of error, the staff judge advocate shall state whether corrective action should be taken. Unlike AFM 111–1, R.C.M. 1106 does not expressly require the staff judge advocate to comment on legal errors raised in the defense's R.C.M. 1106(f)(4) response, nor does it require the staff judge advocate to provide any *analysis* of errors alleged in a submission under R.C.M. 1105.

returning the record for new convening authority action. Regardless of which authority controls, however, there must not only be error, there must also be prejudice to the rights of the accused. Given the facts before us, we find no prejudice either as to the failure to comment upon the accused's assertions of legal error or the erroneous statement regarding the absence of a petition for clemency.

At the time of our decision in *Boston* the convening authority's action served as a quasi-judicial review of the legal sufficiency of the trial results. Articles 60–61, U.C.M.J., 10 U.S.C. §§ 860, 861, 865(b) as reflected in 70A Stat. 37, 57–58; and M.C.M., 1969 (Rev.), paragraphs 86–87. Under the current Uniform Code of Military Justice and the 1984 Manual for Courts-Martial this is no longer so. Article 60, U.C.M.J., 10 U.S.C. § 860, as amended by The Military Justice Act of 1983, Pub.L. 98–209, 97 Stat. 1393, 1395–1397 (1983); and R.C.M. 1107. The convening authority now enjoys broad discretion. He is not required to take corrective action even in the event of apparent legal error in the trial. R.C.M. 1107(c). Thus, the convening authority's action now serves the primary function, not of protecting the accused, but of protecting and maintaining the military commander's unique interest in discipline, morale, and his organization's ability to perform its mission. An accused, therefore, is not entitled, as a matter of right, to ameliorative convening authority action. It follows that the staff judge advocate's recommendation and addenda to it relate most directly to the effective exercise of the convening authority's prerogative as a military commander. In the case before us, the staff judge advocate's failure to comment on the accused's assertion of *legal error* did not deny the accused his opportunity to provide input to the convening authority's decision, nor did it prejudice the accused's ability to obtain review and correction of trial errors by this court.[2]

 We, thus, find that the staff judge advocate's failure to respond to trial defense counsel's assertion of legal error did not prejudice the accused. Despite our holding in *Boston, supra,* therefore, there is no need to return the record for a new review and action.

As to the clemency matter, it is apparent that the petition was submitted to the convening authority and that the convening authority placed his initial on the petition itself. We are, therefore, satisfied that the accused's plea for clemency was properly considered.

Upon review of the entire record, we have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

RAICHLE and CANELLOS, Senior Judges, concur.

---

2. We have considered the legal error alleged in trial defense counsel's R.C.M. 1106(f)(4) response to the staff judge advocate's recommendation and found it to be without merit.