**UNITED STATES, Appellee,**

v.

**Private E2 Deron A. JOHNSON, 552–89–0092, United States Army, Appellant.**

**ACMR 9101449.**

U.S. Army Court of Military Review.

21 May 1992.

---

* Judge William R. Hagan took final action in this     case prior to his reassignment.

For Appellant: Captain Michael Huber, JAGC, Captain Antonier L. White, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before De GIULIO, HAESSIG, and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to his pleas he was found guilty of distribution of marijuana and wrongful communication a threat, in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 934 (1982 and Supp. V 1987). He was sentenced to a bad-conduct discharge, confinement for eighteen months, total forfeitures, and reduction to Private E1. The convening authority approved the sentence.

■ Appellant alleges that his plea of guilty to communication of a threat is improvident because the military judge failed to establish that appellant expressed a present determination or intent to wrongfully injure. We disagree and affirm.

Evidence of record indicates that another soldier owed appellant $30.00. When appellant attempted to collect the debt, the other soldier told him he did not have the money. Appellant demanded and received a note from the soldier acknowledging the debt. Appellant stated that it had been two months since the loan. He further stated, "I should fuck you up right now."

It is this language which is the subject of the communication of the threat specification and also the assertion of error.

During the providence inquiry, the military judge advised appellant of the elements of the offense. He stated,

And thirdly, that the language used by you, under the circumstances, amounted to a threat, that is a clear and present determination or intent to injure the person of Private Baldwin either presently or in the future.... [T]he language used by you must convey the intent to injure another immediately or in the future. Do you understand the elements of that offense?

Appellant replied, "Yes, sir." Later, appellant described the incident:

I pulled guard duty for him about two months before this incident and he was supposed to pay me $30.00. And, I asked him—I said, 'When am I going to get my money?' And he said, 'Well, I don't know. I don't know when. When I get it.' I said, All right. I would like to get a statement from you saying that yes you owe me $30.00 and that you will pay me.' So he left and I went—me and Voyner and my roommate all went back to my room. Baldwin came back into my room again and he handed me a statement saying that he would pay me $30.00 when he got the money. And, I told him that this was wrong because he owed me $30.00 for over 2 months. He had got two paychecks and he's been telling me he would pay me, he would pay me. And, that's when I got upset and we started arguing and that's when I told him. I said that, 'I should fuck him up right now.' And, I got mad and I was like—and then I calmed down. And then I didn't do nothing after. And he left the room.

The stipulation of fact adds no new information.

■ A military judge is required to determine that there is a factual basis which establishes whether the acts or omissions of the accused constitute the offense to which he is pleading guilty. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980);

*United States v. Care*, 40 C.M.R. 247 (C.M.A.1969). Here, the inquiry discloses that appellant communicated the words during an argument over payment of a debt. Appellant was "mad" but calmed later. It is clear that the words were not mere jest or idle banter. *See United States v. Gilluly*, 32 C.M.R. 458 (C.M.A. 1963).

From the providence inquiry, it is clear that appellant's conduct falls within that conduct which this offense was intended to prevent—the potential violent disturbance of public peace and tranquility. *See United States v. Grembowicz*, 17 M.J. 720, 723 (N.M.C.M.R.1983). Appellant's words and actions clearly expressed a present determination to injure Private Baldwin. *See United States v. Alford*, 34 M.J. 150, 152 (C.M.A.1992). The plea of guilty to this offense was provident.

The findings of guilty and the sentence are affirmed.