UNITED STATES, Appellee

v.

Shawn M. PROMIN, Instrumentman Second Class
U.S. Navy, Appellant

No. 00-0227

Crim. App. No. 98-0929

United States Court of Appeals for the Armed Forces

Argued November 15, 2000

Decided April 25, 2001

COX, S.J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and SULLIVAN, GIERKE, and BAKER, JJ.,
joined.

<u>Counsel</u>

For Appellant:  <u>Captain Curtis M. Allen</u>, USMC (argued).

For Appellee:  <u>Major Mark K. Jamison</u>, USMC (argued); <u>Colonel
Marc W. Fisher, Jr.</u>, USMC, and <u>Lieutenant Commander Philip
L. Sundel</u>, JAGC, USNR (on brief); <u>Colonel Kevin M.
Sandkuhler</u>, USMC, and <u>Commander Eugene E. Irvin</u>, JAGC, USN.

Military Judge:  Peter J. Straub

<u>**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION**</u>.

Senior Judge COX delivered the opinion of the Court.

Appellant was sentenced by a general court-martial to be confined for 4 years and to receive a dishonorable discharge.  The court-martial did not impose a forfeiture of pay and allowances as part of the adjudged sentence.  Subsequently, appellant forfeited all of his pay and allowances by operation of law.  See Art. 58b, Uniform Code of Military Justice, 10 USC § 858b.  He claims on appeal that the subsequent forfeiture of his pay and allowances violates the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States (see also Art. 44, UCMJ, 10 USC § 844).[1]  We hold that neither the Double Jeopardy Clause nor Article 44 prohibits the forfeiture of pay and allowances imposed by operation of Article 58b.

In United States v. Gorski, 47 MJ 370 (1997), we observed that the forfeiture of pay and allowances has long been recognized as punishment for military offenders.  Thus, we found that the application of automatic forfeiture of pay and allowances to crimes and offenses committed prior to the enactment of Article 58b violated the Ex Post Facto Clause of Article I, § 9 of the Constitution.  In

---

[1] The granted issue is:

> WHERE THE COURT-MARTIAL'S SENTENCE DID NOT INCLUDE FINES OR FORFEITURES, DOES THE ADDITIONAL PUNISHMENT OF FORFEITURES BY OPERATION OF ARTICLE 58b, UCMJ, VIOLATE THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION?

dicta, we also recognized that prospective application of the statute would be permissible.  47 MJ at 374.  This is because the fact that a statute provides for unlawful ex post facto punishment does not mean that the punishment would be unlawful prospectively.  There is no prohibition against requiring the mandatory forfeiture of pay and allowances as a consequence of a court-martial sentence.

"Double Jeopardy" means that an offender is "subject, for the same offense, to be twice put in jeopardy."  U.S. Const. amend V.  In this case, appellant has not been twice put in jeopardy.  All of the punishment that he has suffered, including the automatic forfeiture of pay and allowances, arose out of and was caused by his single court-martial.  There has been only one proceeding, as a result of which appellant has received multiple punishments as authorized and intended by Congress.  "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."  Missouri v. Hunter, 459 U.S. 359, 366 (1983).

Because we find no violation of the Double Jeopardy Clause, we need not consider the Government's contention that the imposition of forfeitures required by Article 58b

3

is merely an "administrative consequence" of the court-martial sentence.  Nor do we address the Government's contention that we have no jurisdiction over the case before us because the forfeiture is a "collateral result" of the sentence.  We rejected this approach to forfeiture of pay and allowances in Gorski, and we need not plow that ground again.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.