# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32482**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Rebecca A. MCKINNEY**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 29 October 2018

————————————

*Military Judge:* Andrew Kalavanos.

*Approved sentence:* Bad-conduct discharge, confinement for 3 months, and reduction to E-1. Sentence adjudged 11 July 2017 by SpCM convened at MacDill Air Force Base, Florida.

*For Appellant:* Captain Dustin J. Weisman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges.*

Judge DENNIS delivered the opinion of the court, in which Senior Judge JOHNSON and Judge LEWIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DENNIS, Judge:

Appellant was convicted, in accordance with her pleas and pursuant to a pretrial agreement (PTA), of one specification of wrongful use of marijuana on divers occasions, one specification of wrongful use of cocaine, one specification

of wrongful use of lysergic acid diethylamide (LSD), one specification of wrongful distribution of marijuana, one specification of wrongful introduction of marijuana, and one specification of wrongful possession of alcohol while under the age of 21 in violation of Articles 112a and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 934. A military judge sitting alone sentenced Appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. Pursuant to the PTA, the convening authority approved only three months of confinement but otherwise approved the sentence as adjudged.

Appellant raises two issues on appeal, both regarding events that occurred after her court-martial: (1) whether the staff judge advocate's recommendation (SJAR) and its addendum failed to provide accurate and proper advice regarding Appellant's character of military service; and (2) whether the withholding of Appellant's pay, allowances, and accrued leave warrant sentence relief under Article 66(c), UCMJ, 10 U.S.C. § 866(c). We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant began her career in the Air Force as an honor graduate from basic military training in the summer of 2015. Her career success was short-lived. By the spring of 2016, Appellant had arrived at MacDill Air Force Base near Tampa, Florida. She soon befriended another Airman whose familiarity with both the area and how to access illicit drugs provided an opportunity for Appellant, along with a group of other Airmen, to regularly abuse drugs. By the summer of 2017, Appellant found herself pleading guilty to the wrongful use, possession, introduction, and distribution of drugs.

## II. DISCUSSION

### A. Advice to the Convening Authority

Appellant alleges that the failure of the acting Staff Judge Advocate (SJA) to comment in the addendum to the SJAR on her "claim of legal error" regarding the characterization of her service warrants relief. We disagree.

### 1. Additional Facts

As is customary in courts-martial, Appellant's commander provided an indorsement to Appellant's charge sheet. In it, he characterized Appellant's military service as "below average." The SJAR echoed the commander's characterization of Appellant's service as "below average" in advising the convening authority on what action to take on Appellant's case. Appellant responded to the characterization in her clemency submission. She first pointed to the absence of documentation in the record to support the characterization. Appellant then

asked the convening authority to instead consider the character letters she submitted during the presentencing portion of her trial because those letters were "from those who actually worked with AB McKinney and attest to her good duty performance and her positive attitude."

The addendum to the SJAR did not expressly reference Appellant's assertion that the SJAR had mischaracterized her military service. Rather, the acting SJA stated, "I have reviewed the attached clemency matters submitted by the defense. I concur with the recommendation previously provided by your SJA."

### 2. Law and Analysis

"The proper completion of post-trial processing is a question of law which this court reviews de novo." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). To prevail in a post-trial processing claim, an appellant must establish that there was error and that the error resulted in prejudice. *United States v. Blodgett*, 20 M.J. 756, 758 (A.F.C.M.R. 1985). "There must be a colorable showing of possible prejudice in terms of how the omission potentially affected an appellant's opportunity for clemency." *United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005).

Appellant takes issue with both the SJAR and its addendum. Appellant first asserts that the SJAR mischaracterized Appellant's character of service. Because Appellant identified the purported mischaracterization in her clemency submission, she claims to have asserted legal error which the addendum failed to acknowledge. At the core of Appellant's claim is one fundamental question: does a disagreement regarding an appellant's character of service constitute legal error? We have twice answered this question in the negative and do so again here. "A statement of disagreement as to how to describe Appellant's service does not constitute a 'legal error' that would require a comment from the SJA in the addendum to the SJAR." *United States v. Marsh*, No. ACM 38688, 2016 CCA LEXIS 244, at *24 (A.F. Ct. Crim. App. 19 Apr. 2016) (unpub. op.) (citing *United States v. Caminiti*, No. ACM 34562, 2003 CCA LEXIS 53, at *21–22 (A.F. Ct. Crim. App. 27 Feb. 2003) (unpub. op.). In *Caminiti*, we held there was no legal error alleged where the SJAR described the appellant's prior service as "dishonorable" and the defense described the characterization as "misleading" in its clemency submission. *But see United States v. Loving*, No. ACM S30450, 2005 CCA LEXIS 137, at *3–4 (A.F. Ct. Crim. App. 25 Apr. 2005) (unpub. op.) (holding that it was not prejudicial error where the addendum failed to comment on the appellant's objection to the SJAR, and the SJAR's service characterization was unexplained in the record of trial).

Appellant makes no attempt to distinguish her case from *Marsh* and *Caminiti*. Indeed, her brief is void of any reference to these cases. We see no distinction. Here, Appellant merely disagreed with her commander's characterization of her military service and presented alternate matters for the convening authority to consider. Even if the failure to comment on Appellant's assertion could be considered error, Appellant has failed to establish prejudice. The absence of prejudice is particularly apparent where, as here, the record demonstrates that the convening authority considered Appellant's rebuttal to the SJA's characterization prior to taking action on Appellant's case. We also note that the personal data sheet attached to the SJAR specifically referenced Appellant's Air Force Basic Military Training Honor Graduate Ribbon and other awards and decorations. Thus, Appellant has not demonstrated how the omission affected her opportunity for clemency.

## B. Relief under Article 66(c), UCMJ

Appellant asserts that her sentence was unlawfully severe in two respects: (1) she was subjected to forfeiture of all pay and allowances for several months when her adjudged sentence only called for forfeiture of two-thirds pay per month for three months; and (2) she was denied the value of her accrued leave.

### 1. Additional Facts

Both Appellant and her trial defense counsel submitted declarations to this court regarding issues with Appellant's pay arising after trial. Appellant asserts that she was entitled to $5,869.80, but only received $2,866.03. When Appellant noticed the error in her pay, she informed her trial defense counsel who then contacted the legal office. Trial defense counsel provides an informative summary of what she learned from the legal office:

> [T]he Finance Office at MacDill . . . improperly coded A1C McKinney's status after the court-martial. It appeared that they entered [Appellant]'s sentence as if she had been convicted at a General Court-Martial, rather than a Special Court-Martial, therefore forfeiting all pay and allowances instead of just two-thirds of her pay [per month]. It also appeared that once she was released from confinement and returned to MacDill, they did not return her pay to E-1 pay and allowances. . . . The [legal office] informed me that everything was corrected but it would take time for that information to flow to the Defense Finance and Accounting Service (DFAS).

Appellant outlined a series of "severe financial and personal consequences" she suffered due to the lack of pay, including the inability to make payments for her car insurance, phone, and credit card. As of 23 April 2018, Appellant had not yet been paid what she claimed she was owed.

**2. Law and Analysis**

We begin with the Government's assertion that we lack jurisdiction to address Appellant's claims because they involve matters "collateral" to Appellant's sentence. With regard to Appellant's claim that she was subjected to excessive forfeitures, we disagree with the Government's assertion and find that we have jurisdiction. *See United States v. Promin*, 54 M.J. 467, 468 (C.A.A.F. 2001) (citing *United States v. Gorski*, 47 M.J. 370 (C.A.A.F. 1997)). Conversely, we find that we lack jurisdiction to address Appellant's claim that she was denied the value of accrued leave. *See United States v. Buford*, 77 M.J. 562 (A.F. Ct. Crim. App. 2017), *rev. denied*, 77 M.J. 332 (C.A.A.F. 2018) (mem.) (holding that we lack jurisdiction over a pay dispute absent a nexus to the court-martial sentence or evidence of punitive intent).

Appellant does not specifically allege that she was subjected to cruel and unusual punishment in violation of the Eighth Amendment[*] or Article 55, UCMJ, 10 U.S.C. § 855. Rather, she claims that the imposition of excessive forfeitures "rendered [her sentence] unlawfully severe." Appellant asks this court to exercise its power under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to set aside her bad-conduct discharge and issue an order directing that Appellant be reimbursed for the pay, allowances, and leave that was withheld. But "[o]nly in very rare circumstances do we anticipate granting sentence relief when there is no violation of the Eighth Amendment or Article 55, UCMJ." *United States v. Ferrando*, 77 M.J. 506, 517 (A.F. Ct. Crim. App. 2017) (citations omitted), *rev. denied*, 77 M.J. 277 (C.A.A.F. 2018); *cf. United States v. Nerad*, 69 M.J. 138, 145–47 (C.A.A.F. 2010) (holding that despite our significant discretion in reviewing the appropriateness of a sentence, this court may not engage in acts of clemency).

Whether framed as cruel and unusual punishment or sentence severity, claims of unlawful post-trial punishment require, at a minimum, a showing of punitive intent. *Buford*, 77 M.J. at 566. Here, though Appellant has established she was erroneously subjected to greater forfeitures than those warranted by her sentence, she has failed to establish that the excessive forfeitures were taken with the intent to punish. Appellant asserts only that the forfeitures rendered her sentence "unlawfully severe" and warrants relief under Article 66(c), UCMJ. We disagree. The record before us demonstrates that not only was the error which caused the forfeitures to exceed their adjudged and approved amount administrative in nature, the Government has taken appropriate steps to begin to correct it. Having given individualized consideration of

---

[*] U.S. CONST. amend. VIII.

Appellant on the basis of the nature and seriousness of the offenses, the character of Appellant, and the entirety of the record, we find her sentence appropriate and decline to grant the requested relief.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c) UCMJ, 10 U.S.C. § 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court