# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39368**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Nikolas L. GAULT**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 30 November 2018

———————————

*Military Judge:* Vance H. Spath.

*Approved sentence:* Dishonorable discharge, confinement for 12 months, and reduction to E-1. Sentence adjudged 29 August 2017 by GCM convened at Andersen Air Force Base, Guam.

*For Appellant:* Major Patrick A. Clary, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges*.

Judge DENNIS delivered the opinion of the court, in which Senior Judge JOHNSON and Judge LEWIS joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

DENNIS, Judge:

Appellant was convicted, in accordance with his pleas and pursuant to a pretrial agreement, of one specification of attempted sexual assault of a child, two specifications of attempted sexual abuse of a child, and one specification of

wrongful use of methamphetamine in violation of Articles 80 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 912a. A military judge sitting alone sentenced Appellant to a dishonorable discharge, confinement for 14 months, and reduction to the grade of E-1. Pursuant to the pretrial agreement, the convening authority approved only 12 months confinement, but otherwise approved the sentenced as adjudged. The convening authority denied Appellant's request for deferment of reduction in grade and automatic forfeiture of pay but granted Appellant's request for waiver of automatic forfeiture of pay for a period of six months for the benefit of Appellant's dependents.

Appellant raises a single issue on appeal: whether Appellant is entitled to new post-trial processing when the convening authority took action in reliance on conflicting statements from his staff judge advocate (SJA) regarding Appellant's clemency submission. We find no prejudicial error and affirm.[*]

## I. BACKGROUND

Upon the completion of Appellant's court-martial, the SJA prepared a recommendation advising the convening authority on what action could be taken on Appellant's sentence. Following receipt of the SJA's recommendation (SJAR), Appellant submitted a two-page request for clemency, along with a copy of the 2017 Military Pay Chart, to the SJA with the understanding that his request would be forwarded to the convening authority in accordance with Rule for Courts-Martial (R.C.M.) 1105. Appellant's only request was that the convening authority commute his reduction in rank from E-1 to E-2. The SJA then prepared an addendum to the SJAR, which included the following language relevant to this appeal:

> 1. Pursuant to Article 60, UCMJ, [Appellant] has submitted the attached matters (Atchs 2 and 3) for your consideration prior to taking final action in this case. Rule for Courts-Martial 1107(b)(3)(A)(iii) provides that you must consider these matters before taking final action in this case. . . .

> 2. *The defense did not submit matters.* I have reviewed the attached clemency matters submitted by the accused. The earlier recommendation remains unchanged.

---

[*] Though not raised by Appellant, we also considered the convening authority's failure to articulate the reasons for his denial of Appellant's request for deferment of reduction in grade and automatic forfeiture of pay. *See* Rule for Courts-Martial 1101(c)(3). Finding no "credible evidence that [the] convening authority denied [the deferment request] for an unlawful or improper reason," Appellant is not entitled to relief. *United States v. Zimmer*, 56 M.J. 869, 874 (A. Ct. Crim. App. 2002).

(Emphasis added.)

The addendum listed five attachments, including Appellant's two-page clemency submission, identified as Attachment 2, and the 2017 Military Pay Chart, identified as Attachment 3. On 30 October 2017, the convening authority signed the first indorsement to the SJAR addendum, which stated, "I have considered the attachments before taking action on this case."

## II. DISCUSSION

"Proper completion of post-trial processing is a question of law, which this court reviews de novo." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (citing *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004)). To prevail in a post-trial processing claim, an appellant must establish that there was error and that the error resulted in prejudice. *United States v. Blodgett*, 20 M.J. 756, 758 (A.F.C.M.R. 1985). "There must be a colorable showing of possible prejudice in terms of how the omission potentially affected an appellant's opportunity for clemency." *United States v. Scalo*, 60 M.J. 435, 437 (C.A.A.F. 2005).

Appellant asserts that he was prejudiced by the conflicting statements in the addendum to the SJAR. More specifically, Appellant claims that, "[a]lthough the SJAR addendum accurately stated the defense had submitted clemency matters and appears to have attached these matters for the convening authority's review, it also plainly (and mistakenly) states that the defense did not submit these same matters." Appellant argues that the requisite colorable showing of possible prejudice exists in the "real possibility that the convening authority disregarded or paid less attention to the attached matters after reading his SJA's statement that '[t]he defense did not submit [clemency] matters.'" (Alterations in original). We disagree.

There is no dispute that the statement "the defense did not submit matters" was incorrect. But the existence of this error

> does not result in an automatic return by the appellate court of the case to the convening authority. Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority.

*United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996) (citations omitted). Here, the record makes clear that both the SJA and the convening authority were well aware of Appellant's submissions and considered them prior to fulfilling their respective responsibilities under R.C.M. 1106 and 1107. Notwithstanding the erroneous statement that the Defense had not submitted matters, the SJA

made clear that he had reviewed the attached clemency matters and that his recommendation remained unchanged. Thus, absence of the error would not have led to a favorable recommendation. Similarly, the convening authority stated that he considered Appellant's submission before taking action in the case. Thus, absence of the error would not have led to corrective action by the convening authority.

Viewed in its entirety, the SJAR addendum and its attachments sufficiently informed the convening authority that Appellant had submitted matters requesting clemency and that the convening authority was required to consider those matters before taking action in the case. We find that the incorrect statement that "the defense did not submit matters" did not prejudice Appellant and thus warrants no relief.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c) UCMJ, 10 U.S.C. § 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court